IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr221-MHT |
| | ) | (WO) |
| BRANDON ANTHONY JOHNSON | ) | |

OPINION AND ORDER

This cause is before the court on defendant Brandon Anthony Johnson's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 4, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnson in a speedy trial. As the motion states, Johnson is released on bond and, since his arraignment on October 10, 2017, has returned to his residence in Los Angeles. Defense counsel has

been unable to meet with Johnson since his departure, and intends to travel to Los Angeles to discuss fully Johnson's options with him. Further, defense counsel has scheduling conflicts that prevent such cross-country travel until at least November 16, 2017. Although Johnson may be able to properly confer with his counsel prior to the current trial date of December 4, this date would leave the parties with little time to prepare pretrial motions and engage in any negotiations in light of Johnson's instructions. A continuance is warranted and necessary to allow counsel for Johnson to prepare adequately and effectively for the jury selection and trial in this case. The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Brandon Anthony Johnson (doc. no. 66) is granted.

(2) The jury selection and trial, now set for December 4, 2017, are reset for January 29, 2018, at

10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 13th day of November, 2017.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**