IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr221-MHT |
| | ) | (WO) |
| BRANDON ANTHONY JOHNSON | ) | |

OPINION AND ORDER

This cause is before the court on defendant Brandon Anthony Johnson's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for May 21, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnson in a speedy trial. This case was previously continued after Johnson sought a transfer of his case to the Central District of California pursuant to Rule 20 of the Federal Rules of

Criminal Procedure, in order to allow time for that transfer to be coordinated with the receiving district. *See* Opinion and Order (doc. no. 107). However, as the motion states, that process has continued to stall. The parties further indicated during an on-the-record conference call on May 10, 2018, that, as they had just learned, the transfer will not go through after all. As a result, Johnson's case will have to proceed in this district. Given that Johnson is residing in California on pre-trial release, and that trial is currently set for less than two weeks away, a continuance is warranted and necessary to allow counsel for both sides to prepare for trial and engage in any plea negotiations. The government does not object to a continuance. However, given the repeated continuances already granted in this case, *the court notes that, absent extraordinary circumstances, it will not grant any further motions to continue.*

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Brandon Anthony Johnson's motion to continue (doc. no. 142) is granted.

(2) The jury selection and trial, now set for May 21, 2018, are reset for August 6, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 11th day of May, 2018.

                                    /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**