IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr221-MHT |
| | ) | (WO) |
| BRANDON ANTHONY JOHNSON | ) | |

OPINION AND ORDER

This cause is before the court on defendant Brandon Anthony Johnson's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for August 6, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Johnson in a speedy trial. This case was previously continued several times, at the request of both Johnson and the government, due to reasons including an abortive attempt to transfer the

case to the Central District of California. Most recently, the court stated that, in light of the multiple prior continuances, it would not grant another continuance "*absent extraordinary circumstances.*" Opinion and Order (doc. no. 144) at 3.

As grounds for such a continuance, the motion explains that Johnson's father unexpectedly passed away on or about June 21, 2018. Johnson has been left with primary responsibility for administering his father's estate, and he is attempting to set up a trust fund for his minor-age sister in the event that he is sent to prison. He estimates this process could take up to 45 days to complete. Counsel for Johnson also notes that the death has "taken an emotional toll on [Johnson]," who recently "appeared indecisive and distracted" when they met to discuss the case. Motion to Continue (doc. no. 152) at 3. In addition, the government on July 23, 2018, disclosed additional evidence to Johnson, which he states may require additional investigation. The court finds that this unexpected

death of a parent, and the surrounding circumstances that include implications regarding the future well-being of a minor child, constitute 'extraordinary circumstances' warranting another continuance, in order to allow counsel for both sides to prepare adequately for trial and engage in any plea negotiations. The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Brandon Anthony Johnson's unopposed motion to continue (doc. no. 152) is granted.

(2) The jury selection and trial, now set for August 6, 2018, are reset for October 9, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 25th day of July, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**