IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr221-MHT |
| | ) | (WO) |
| BRANDON ANTHONY JOHNSON | ) | |
| | ) | |

OPINION

Defendant Brandon Anthony Johnson pled guilty to two offenses: one count of distribution and possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine; and one count of conspiracy to distribute the same. *See* 21 U.S.C. §§ 841(a)(1), 846. This case is now before the court on his oral motion for release pending sentencing, which is set for January 9, 2019. The motion was granted to the extent that he is released for 60 days, that is, until December 6, 2018, so as to allow him to attend to matters surrounding his father's death, including his father's financial matters and burial. This opinion explains why.

## I. BACKGROUND

At Johnson's change-of-plea hearing on October 4, 2018, the court erred in relying on only 18 U.S.C. § 3143(a)(2) to determine whether he should be detained pending sentencing. Considering that statute in isolation, the court found that his detention was mandatory. However, upon further research after the hearing, it became apparent that Johnson could be eligible for release under 18 U.S.C. § 3145(c). The court held another hearing the next day to reconsider Johnson's detention. Recognizing that they and the court had erred in failing to consider § 3145(c), the parties agreed that Johnson could be released under that statute. They disagreed only as to how long Johnson should be released. The government argued he should be released for two weeks, and Johnson argued he should be released for 60 days. Based on Johnson's circumstances, the court ordered that Johnson be released for 60 days.

## II. DISCUSSION

The Bail Reform Act of 1984 provides that the district court shall order detention of a person who has been convicted of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," 18 U.S.C. § 3142(f)(1)(C), § 3143(a)(2), unless

> "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> "(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

18 U.S.C. § 3143(a)(2). "Under § 3143, the court presumes that detention is valid, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate." *United States v. Hooks*, 330 F. Supp. 2d 1311, 1312 (M.D. Ala. 2004) (Thompson, J.); *see also United States v. Manso-Portes*, 838 F.2d 889 (7th Cir. 1987) (per curiam) (release pending sentencing).

The offenses of which Johnson pled guilty, violations of 21 U.S.C. § 841(a) involving more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, carry a statutory maximum of 10 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Because Johnson committed a violation of the Controlled Substances Act that carries a maximum penalty of 10 years or more, he is to be detained and is not eligible for release pending sentencing unless he can show that he is entitled to overcome the presumption of detention. With respect to the first and second factors under § 3143(a)(2), there is neither a substantial likelihood that any motion for acquittal or new trial will be granted nor any indication as of this date that the government has rejected a sentence of imprisonment. Consequently, § 3143(a)(2) requires that Johnson be detained.

However, under 18 U.S.C. § 3145(c), "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released,

under appropriate conditions, by the judicial officer, if it is clearly shown that there are <u>exceptional reasons</u> why such person's detention would not be appropriate." (Emphasis added.) Even though § 3145(c) is captioned "Review and appeal of a release or detention order," the section applies to the judicial officer initially ordering mandatory detentions as well. *See United States v. Meister*, 744 F.3d 1236, 1239 (11th Cir. 2013).

Because § 3145(c) appears to apply to Johnson's situation, the court must next determine whether he meets § 3145(c)'s three conditions: (1) that he is "subject to detention pursuant to section 3143(a)(2) or (b)(2)"; (2) that he "meets the conditions of release set forth in section 3143(a)(1) or (b)(1)"; and (3) that "there are exceptional reasons" why his detention "would not be appropriate."

FIRST CONDITION: As discussed above, Johnson is subject to detention pursuant to § 3143(a)(2).

SECOND CONDITION: 18 U.S.C. § 3143(a)(1) provides that, in order to release a defendant, the court must

5

find "by clear and convincing evidence" that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released ...." From Johnson's post-arrest, pre-trial release in Alabama in October 2017 until his appearance at the change-of-plea hearing on October 4, 2018, he has not deviated from the conditions of his release. Furthermore, while on pretrial release, a California federal court has supervised him on this court's behalf, and he has willingly travelled from California to Alabama, presumably at his own expense, to enter his guilty plea. Given Johnson's compliance with conditions of his supervised release, as well as the fact that he must attend to matters relating to his father's death, the court concludes that neither escape nor danger to another individual or to the community is a risk posed by his temporary release.

THIRD CONDITION: The court also finds that Johnson has shown "exceptional reasons" why detention would not be appropriate. Section 3145(c) does not define

"exceptional reasons" and the "legislative history on the issue is sparse and uninformative." *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir. 1991). Despite the ambiguity of the phrase, it is obvious that a "defendant's incarceration regularly creates difficulties for him and his family" and thus "that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c)." *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) (Legg, J.).

Yet "in combination with other factors, family circumstances may warrant release pending sentencing pursuant to § 3145(c)." *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (Sweet, J.). In the instant case, Johnson's father recently passed away and Johnson, as his father's next-of-kin, is the only individual with the authority to attend to his father's financial matters. Thus, both the government and Johnson agree that some time prior to sentencing to wind up his father's affairs is appropriate. The question is how

7

much. The court believes that 60 days is quite reasonable.

Therefore, the court released Johnson for 60 days, so as to allow him to attend to matters related to the recent death of his father.

DONE, this 10th day of October, 2018.

                     /s/ Myron H. Thompson
                     **UNITED STATES DISTRICT JUDGE**